**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 0:25-cv-61145-AHS

PATENT ASSET MANAGEMENT,
LLC.,

    Plaintiff,

v.

HISCOX INSURANCE COMPANY,
INC.,

    Defendant.
_____/

**AMENDED COMPLAINT**

Comes Now, Plaintiff, PATENT ASSET MANAGEMENT, LLC ("Plaintiff" and/or "Insured"), and hereby sues Defendant, HISCOX INSURANCE COMPANY INC., and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1. This is an action for declaratory relief and relates to matters in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a Florida Limited Liability Company organized under and authorized to conduct business in the State of Florida.

3. Defendant is a foreign for-profit corporation that is a duly and lawfully authorized and registered entity, as required by Florida Law, that sells insurance policies providing coverage throughout the State that are subject to governing Florida Law.

4. Venue and jurisdiction are proper in the Southern District of Florida since the contract which forms the subject matter of this lawsuit was executed in Broward County, Florida, and Defendant removed this case from the Seventeenth Judicial Circuit, in and for Broward County, Florida, based on 28 U.S.C. §1332.

5. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

6. At all times material hereto, and in consideration of a premium paid by Plaintiff, there was in full force and effect a certain Errors and Omissions insurance policy, Policy Number P100.208.877.2 (the "Policy"), Reference Number 100.217.964A, that provided coverage for claims arising out of Professional Services provided by Plaintiff. See attached hereto as **Exhibit A**, the Policy.

7. Plaintiff provided Professional Services with respect to project management and advising on general business operations with respect to the acquisition, sale, licensing, and protection of patents and trademarks.

8. In the execution of those functions, Plaintiff approached Valve Corporation ("Valve") regarding an opportunity to license a catalog of patents and trademarks and to obtain compensation from Valve for what was believed to be the unauthorized use of patented material/processes.

9. In response, Valve asserted that it had a valid license to use the patented material/processes for which Plaintiff was seeking compensation and retaliated against Plaintiff and other entities by instituting litigation.

10. On or about July 7, 2023, Valve Corporation filed a four-count complaint against Plaintiff and other non-parties seeking the following relief:

    a. A declaration that Patent U.S. Patent No. 8,856,221 ("Patent '221") is invalid.

    b. A declaration that Patent '221 is unenforceable against Valve because Valve was already a licensee of that patent.

    c. Breach of contract against RBDS.

    d. Violation of Washington Unfair Business Practices and bad faith assertions of patent infringement, in violation of Revised Code of Washington §§19.86 and 19.350, essentially alleging that Plaintiff and others were engaged in malicious prosecution of civil lawsuits.

11. On August 4, 2023, Plaintiff timely notified Defendant of Valve's actions against it and sought defense and coverage for any damages pursuant to the policy.

12. Defendant assigned Reference Number 100.217.964A to the claim.

13. Defendant denied coverage for the claim twenty (20) days later, on August 24, 2023, asserting that:

    a. Valve's lawsuit was not based on a wrongful act arising from Professional Services that were provided by Plaintiff;

    b. Valve's lawsuit alleged that Plaintiff had engaged in patent infringement;

    c. Valve's lawsuit alleges that Plaintiff filed suit against Valve or alleged patent infringement against Valve and this constituted legal advice or the practice of law; and that

    d. Valve's lawsuit seeks a declaratory judgment against Plaintiff and other defendants, along with other uncovered damages, not a monetary judgment or monetary award, and therefore there are likely no covered damages sought.

14. As a result of its denial, Plaintiff was required to retain counsel to defend it, and Plaintiff continues to directly pay the costs of defending against Valve's lawsuit.

15. Plaintiff was also forced to retain undersigned counsel to file this action.

## COUNT I

## PETITION FOR DECLARATORY RELIEF

Plaintiff adopts and realleges ¶¶ 1 through 15 as fully alleged herein.

16. Plaintiff is in doubt as to its rights and obligations pursuant to the Policy because the Defendant has denied coverage with respect to providing a legal defense and for potential damages resulting from Valve's lawsuit.

17. Despite Defendant's position, Plaintiff believes, but is in doubt and/or uncertain whether:

    a. coverage exists under the Policy for the damages sought by Valve;

    b. the services provided by Plaintiff constitute Professional Services under the policy;

    c. the Valve lawsuit alleges a wrongful act on behalf of Plaintiff; and/or

    d. Defendant was required to defend Plaintiff in the lawsuit filed by Valve.

18. As a direct and proximate result of the foregoing conflicting positions of the Parties as presented, there is an actual and bona fide dispute between the Parties which requires a present need for judicial determination as to whether the Policy provides coverage for the damages sought in Valve's lawsuit and/or whether Defendant was required to defend Plaintiff in that action.

19. There is a bona fide, actual, present, adverse, and practical need for this Court to render a declaration as to whether the Policy issued by the Insurer to the Insured provides coverage to the Plaintiff for the Loss.

20. Under Chapter 86, Fla. Stat., an insured is entitled to have any doubt and/or uncertainty removed regarding the existence or nonexistence of a right, status, immunity, power, or privilege.

21. Additionally, the "mere fact that a contract is clear and unambiguous on its face does not prevent one from seeking a declaration…where there exist

extrinsic facts which would affect the clear and unambiguous language…" *Caldin v. Lakow*, 546 So. 2d 788, 789 (1989).

22. Thus, the Plaintiff seeks a determination and declaration as afforded under § 86.011, Fla. Stat. that states in pertinent part:

> **86.011 Jurisdiction of trial court**. The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights… The court may render declaratory judgments on the existence, or nonexistence:
>
> (2) Of any fact upon which the existence or nonexistence of such…right does or may depend…

as well as under § 86.021, Fla. Stat**.** that states in pertinent part:

> **86.021   Power to construe.** Any person claiming to be interested or who may be in doubt about his or her rights under a…contract,…may have determined any question of construction or validity arising under such…contract,…and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

as well as under § 86.111, Fla. Stat. that states in pertinent part:

> **86.111 Existence of another adequate remedy**; effect.  The existence of another adequate remedy does not preclude a judgment for declaratory relief.

23. Reading those provisions of Chapter 86, Fla. Stat., Plaintiff seeks an objective determination of the actual facts currently in dispute in order to further determine and declare rights and obligations under the Policy.

24. By filing this declaratory judgment action, Plaintiff is not requesting that the Court merely provide legal advice or answer questions propounded from curiosity.

25. Based upon the foregoing, Plaintiff is entitled to a declaratory judgment holding that coverage does exist, thus removing any doubt that exists between the Parties.

26. Accordingly, and pursuant to Florida Statute § 86.011, the Plaintiff seeks a declaration as to the rights and obligations of the Parties pursuant to the Policy, and further seeks a declaration as to the following:

    a. Whether coverage exists under the Policy for the damages sought by Valve;

    b. Whether the services provided by Plaintiff constitute Professional Services under the policy;

    c. Whether the Valve lawsuit alleges a wrongful act on behalf of Plaintiff; and/or

    d. Whether Defendant was required to defend Plaintiff in the lawsuit filed by Valve.

Wherefore, Plaintiff respectfully requests that this Honorable Court enters Final

Judgment which provides for the following relief:

 a. A declaration of the rights and/or obligations of the Parties;

 b. An award of reasonable attorneys' fees and costs for obtaining any judgment, order or decree in its favor pursuant to Florida Statutes §§ 86.121 and 57.041;

 c. In the event that Plaintiff obtains judgment in its favor, Plaintiff will seek supplemental relief consistent with the judgment imposed pursuant to Fla. Stat. §86.061.

 d. Any other relief the Court deems just and proper.

Filed on June 16, 2025.

Respectfully Submitted,

**Valiente, Carollo & McElligott, PLLC**
*Attorneys for Plaintiff*
1111 Brickell Ave. – Ste. 1550
Miami, Florida 33131
T: (786) 361-6887 / F: (786) 551-6300
eservice@vcmlawgroup.com
matthew@vcmlawgroup.com

By: /s/ Matthew McElligott
  Matthew McElligott, Esq.
  FL Bar No.: 69959