UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61145-CIV-SINGHAL

PATENT ASSET MANAGEMENT, LLC,

      Plaintiff,

vs.

HISCOX INSURANCE COMPANY, INC.,

      Defendant.

_____/

## <u>ORDER</u>

**IN THE WORDS** of Charles Dickens, "[t]he one great principle of the English law is to make business for itself."  Charles Dickens, *Bleak House* (Bradbury and Evans, 1853).  The same is far too often true of American law, and this case is a prime example. Plaintiff brings a lawsuit about a previous lawsuit.  Plaintiff Patent Assent Management, LLC ("Patent Assent") purchased insurance from Hiscox Insurance Company, Inc. ("Hiscox") to cover Patent Asset's litigation costs should Patent Asset be sued for "wrongful acts . . . committed by [Patent Asset] in the performance of [its] Professional Services."  (DE [36-2] at 19).  Patent Asset was sued by Valve Corporation for trying to enforce a patent against Valve Corporation.  Patent Asset then sought defense and coverage from Hiscox for the litigation with Valve Corporation.  But Hiscox denied Patent Asset's claim after determining that Valve's lawsuit was not based on a wrongful act arising from Professional Services; rather the lawsuit was related to patent infringement.

Patent Asset then sued Hiscox, *but two years later*, seeking a declaratory judgment that the insurance contract the parties signed requires Hiscox to cover Patent Asset's

legal costs.   Because the lawsuit with Valve Corporation was not over wrongful acts committed in the performance of Professional Services, Patent Asset is not entitled to a declaratory judgment and its Complaint is dismissed with prejudice.

I.      BACKGROUND

Patent Asset provides "Professional Services with respect to project management and advising on general business operations with respect to the acquisition, sale, licensing, and protection of patents and trademarks."  (Amend. Compl. (DE [10] ¶ 7)). Patent Asset obtained an insurance policy, Number P100.208.887.2, (the "Policy"), from Hiscox, covering Patent Asset from claims stemming from its Professional Services.  *Id.* ¶ 6.

Specifically, Hiscox agreed to "pay on [Patent Asset's] behalf Damages and Claim Expenses in excess of the Deductible resulting from any covered Claim . . . for Wrongful Acts committed on or after the Retroactive Date." (DE [36-2] ¶ I.A., at 8).  The Policy defines "Wrongful Acts" as "any actual or alleged breach of duty, negligent act, error, omission or Personal Injury committed by [Patent Asset] in the performance of [its] Professional Services."  *Id.* ¶ VI.U at 19.  Finally, "Professional Services" is defined as "management consulting and/or business consulting services performed for others for compensation, including but not limited to: advising on general business operations, strategy, organizational structure, human resources, marketing and sales campaigns, systems or ecological/'green' issues; and  project management."  *Id.* at 22; ¶ VI.O at 18.

In July of 2023, Valve Corporation sued Patent Asset, alleging the following four counts:

(1)     A declaration that Patent U.S. Patent No. 8,856,221 ("Patent '221") is invalid.

2

(2) A declaration that Patent '221 is unenforceable against Valve because Valve was already a licensee of that patent.
(3) Breach of contract against RBDS.
(4) Violation of Washington Unfair Business Practices and bad faith assertions of patent infringement, in violation of Revised Code of Washington §§19.86 and 19.350, essentially alleging that Plaintiff and others were engaged in malicious prosecution of civil lawsuits.

(DE [10] ¶ 10).   Patent Asset timely filed an insurance claim with Hiscox, seeking coverage of legal costs and any damages from Valve Corporation's lawsuit.  *Id.* ¶ 11. Hiscox denied coverage, citing among other reasons, that the lawsuit was not based on wrongful acts stemming from Professional Services provided by Patent Asset.  *Id.* ¶ 14.

Patent Asset in turn filed the present lawsuit.  After the Court determined that there was diversity jurisdiction, Defendant moved to dismiss Patent Asset's Amended Complaint (DE [10]).   Having carefully considered Hiscox's Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law (DE [36]), Patent Asset's Response (DE [39]), and Hiscox's Reply (DE [40]), the Court finds this matter is ripe for review.

## II.    LEGAL STANDARDS

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] formulaic recitation of the cause of action will not do."  *Id.*  To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face."  *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  Courts must review the complaint in the light most favorable to the plaintiff, and must generally accept the plaintiff's well-pleaded facts as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  However, pleadings that "are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

There is one significant exception to the "four corners" rule—the incorporation by reference doctrine.  Courts may consider evidence outside of the complaint if the evidence is incorporated by reference into the complaint.  *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).  The evidence must be "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Id.*

III.     DISCUSSION

Defendant Hiscox argues that the Policy did not require compensating Plaintiff Patent Asset for the costs and damages incurred in litigating against Valve Corporation, because Valve Corporations's suit did not result from Professional Services provided by Patent Asset.  Hiscox argues that Valve's lawsuit stemmed from Patent Asset claiming that Valve Corporation was infringing on a patent and seeking payment for that

4

infringement.  Hiscox says this conduct did not constitute Professional Services under the terms of the Policy.  The Court agrees.

In the Policy, "Professional Services" is defined as "management consulting and/or business consulting services performed for others for compensation, including but not limited to: advising on general business operations, strategy, organizational structure, human resources, marketing and sales campaigns, systems or ecological/'green' issues; and  project management."  (DE [36-2] at 22; ¶ VI.O at 18).  This infers a business relationship where Patent Asset provides consulting services on business and management related issues to clients.

That is not what Patent Asset was providing to Valve Corporation.  In the Amended Complaint (DE [10]), Patent Asset claims it "approached Valve Corporation ("Valve") regarding an opportunity to license a catalog of patents and trademarks and to obtain compensation from Valve for what was believed to be the unauthorized use of patented material/processes."   (DE [10] ¶ 8).  Patent Asset does not claim it was providing consulting services to Valve Corporation.   Rather, based on Patent Asset's own allegations, it appears Patent Asset asked Valve Corporation to purchase licenses for the use of Patent Asset's patents and also requested payment for Valve Corporation's prior alleged infringing use.  *See id.*  In fact, that is what Valve Corporation alleges in the complaint that begot this current litigation.[1]  Valve Corporation alleges that Patent Asset reached out to "Valve's legal team, . . . requesting that Valve execute a new license with

---

[1] Plaintiff argues that Valve Corporation's Second Amended Complaint is outside the four corners of the Complaint (DE [10]) and should therefore not be considered while the Court resolves the Motion to Dismiss (DE [36]).  Valve Corporation's Second Amended Complaint is a prime example of a document that has been incorporated into the Complaint (DE [10]) by reference.  *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).  In fact, Plaintiff summarizes the four counts from Valve's complaint in its own Complaint (DE [10]) here.  Because Valve Corporation's Second Amended Complaint is central to Plaintiff's claim and its authenticity is not disputed, it is incorporated by reference.  *Id.*

Rothschild [owner of Patent Asset] and his various entities for more money." (Valve Sec. Amend. Compl. (DE [36-1])).

In fact, Patent Asset does not try to argue that it was providing consulting services for Valve Corporation.  Instead, Patent Asset argues that it was providing consulting services for Leigh Rothschild, the owner of the patents.  (DE [39] at 12-13).  Patent Asset's reading of Valve Corporation's Second Amended Complaint is that Valve Corporation accused Patent Asset of "managing a campaign to obtain compensation for licenses to patents on behalf of Rothschild."  (DE [39] at 12-13).  This, according to Patent Asset, amounted to Professional Services under the Policy.

There are multiple problems with this argument.  First, the insurance policy limits Professional Services to "management *consulting* and/or business *consulting* services" on various business functions; Professional Services does not include the business functions themselves.  (DE [36-2] at 22; ¶ VI.O at 18) (emphasis added).  Managing a campaign for the sale of licenses is not consulting.  It is business management.  It does not fall within the insurance policy's definition of Professional Services.  Patent Asset does not allege that it provided any services that could rightly be considered consulting.

Second, Rothschild is not an "other" in the context of Professional Services. Consulting services must have been "performed for others for compensation."  *Id.*  Leigh Rothschild is one of two owners of Patent Asset, along with the S. Ariel Rothschild Trust. (DE [33]).  Considering Rothschild an "other" in the context of business consulting defies common sense.  When businesses perform services "for others," that means they perform services for clients, not for their owners.  *See, e.g.*, *Transamerica Ins. Co. v. Sayble*, 193 Cal. App. 3d 1562, 1568-69 (1987) (partner of firm did not constitute "others" when the

6

insurance policy covered professional services provided for "others"); *Roberts v. Fla. Laws. Mut. Ins. Co.*, 839 So. 2d 843, 846-47 (Fla. 4th DCA 2003) (explaining that coverage for the partner was properly denied because the partner was not a client).

When interpreting contractual terms, courts give words their plain and ordinary meaning. *See, e.g.*, *Choate v. RySurg, LLC*, 330 So. 3d 936, 940 (Fla. 4th DCA 2021). Merriam-Webster Dictionary defines the noun "other" as "a different or additional one." *Other*, Merriam-Webster Dictionary Online (2026). Leigh Rothschild is an owner of Patent Asset. He is not different or additional. He may be a subpart, but he is not an "other," as that word is generally used.

Patent Asset argues that Rothschild is not an employee as defined in the Policy, and therefore must be an "other." But that is a non-sequitur. The Court is not limited to choosing between the two categories of "employee" and "other." Rothschild is associated with Patent Asset—he is not a distinct entity that Patent Asset is providing services for. He is not an "other" under the Policy.

Third, Patent Asset does not allege facts indicating that Rothschild compensated Patent Asset for any services provided. Professional Services must be performed for compensation. (DE [36-2] at 22; ¶ VI.O at 18). But owners are usually compensated by their companies—they do not usually pay their companies for services rendered. Patent Asset does not allege Rothschild paid Patent Asset for any services involved in the prior litigation. Patent Asset fails to state a claim that it performed Professional Services for compensation.

Importantly, insurance contracts are entered into and expensed by the Parties based on the scope of the coverage sought and offered. For example, auto insurance is

7

available in various amounts, such as $100,000 or $300,000 or $500,000. And deductibles too are offered in various amounts. These are two examples of amounts that can be negotiated and will affect the ultimate contract price. Here, the Parties were free to negotiate an insurance contract that included potential patent infringement, and negotiate an appropriate price. They did not. The coverage sought, offered, and in place plainly does not include the conduct at issue in the underlying lawsuit. The remedy is not to expand the scope of coverage beyond the written words so that one side must compensate the other for an occurrence not contemplated.

IV.   CONCLUSION

Patent Asset fails to state any facts indicating that the lawsuit with Valve Corporation stemmed from Professional Services that Patent Asset provided. Accordingly, the lawsuit was not covered by Patent Asset's insurance policy with Hiscox, and the Court does not need to address Hiscox's other arguments that the lawsuit did not stem from wrongful acts or that any exclusion applied. Patent Asset was not entitled to coverage from Hiscox for any fees and damages from that suit. Patent Asset failed to state a claim in its Amended Complaint (DE [10]). Dismissal with prejudice is appropriate because Patent Asset has failed to show there is a possibility that it could state a claim if given the opportunity to refile.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Hiscox's Motion to Dismiss (DE [36]) is **GRANTED.**

2. Plaintiff's Amended Complaint (DE [10]) is **DISMISSED WITH PREJUDICE.**

3.  The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of May 2026.

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF